**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VR CONSULTANTS, INC. *et al.*,<br>　　　　　Plaintiff,<br>v.<br>J.P. MORGAN CHASE & CO.,<br>　　　　　Defendant. | Civil Action No.: 20-cv-6110<br><br>**OPINION** |

**CECCHI, District Judge.**

　　This matter comes before the Court on the motion of Defendant J.P. Morgan Chase & Co. ("Defendant") to compel arbitration and stay the proceedings. ECF No. 15. Plaintiff VR Consultants, Inc. ("Plaintiff") filed an opposition (ECF No. 17) and Defendant replied (ECF No. 19). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion to compel arbitration is **GRANTED**.

**I.　BACKGROUND**

　　To mitigate financial damage caused by the coronavirus pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act. ECF No. 1 at ¶ 11. This law made loans, known as Paycheck Protection Program ("PPP") loans, available to small businesses so that such businesses could meet their financial obligations during the pandemic. *Id.* at ¶¶ 12–14. Due to its size, the PPP loan program was administered by private banks, including Defendant, that were compensated by receiving an origination fee calculated as a percentage of the disbursed loans. *Id.* at ¶¶ 16–17.

　　This dispute arises out of the disbursement of PPP loans. Plaintiff has used Defendant's banking services for businesses for over ten years. *Id.* at ¶ 54. As a customer, Plaintiff agreed to

abide by Defendant's Deposit Account Agreement (the "DAA") (ECF No. 15-4) and Online Services Agreement (the "Online Agreement") (ECF No. 15-5). Because of the financial hardship the pandemic imposed on Plaintiff, it applied to Defendant for a PPP loan on April 9, 2020. ECF No. 1 at ¶ 59. Plaintiff alleges that Defendant made representations to Plaintiff and other PPP loan applicants that loan applications would be processed, and, if those applications were approved, funds would be distributed on a "first come, first serve" basis. *Id.* at ¶¶ 18, 22–23. However, Plaintiff claims that Defendant instead implemented a loan disbursement policy that favored its wealthiest clients' applications over those of smaller, less wealthy clients to maximize Defendant's origination fee. *Id.* at ¶¶ 24, 30–32. Plaintiff alleges that, pursuant to this policy, wealthy clients received their PPP loans before less wealthy clients regardless of when the application was filed. *Id.* at ¶¶ 39–41. As a result of Defendant's conduct, Plaintiff avers it did not receive timely access to needed funds made available by the PPP program to its financial detriment because it was forced to wait for Defendant to process its wealthy client applications. *Id.* at ¶¶ 53, 73.

On May 5, 2020, Plaintiff filed a complaint alleging claims for consumer fraud violations under New Jersey Statue Annotated § 56:8-2, as well as claims for fraudulent concealment and tortious interference. *Id.* at 22–25. Defendant subsequently filed the instant motion seeking to compel Plaintiff to arbitration, arguing that questions of arbitrability are for the arbitrator to decide in the first instant. ECF No. 15. Plaintiff filed its opposition on November 2, 2020, objecting to arbitration on the grounds that the relevant arbitration provisions do not apply to Plaintiff's PPP loan. Defendant then replied, reasserting its position that an arbitrator should first decide this dispute. ECF No. 19.

## II.  LEGAL STANDARD

The Federal Arbitration Act ("FAA") reflects the strong federal policy in favor of arbitration and "places arbitration agreements on equal footing with all other contracts.'" *Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590, 599 (3d Cir. 2020) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). Under the FAA, courts "compel arbitration of claims covered by a written, enforceable arbitration agreement." *Bacon*, 959 F.3d at 599 (citing FAA, 9 U.S.C. §§ 3, 4). Yet despite the strong presumption of arbitrability, "[a]rbitration is strictly a matter of contract" and is thus governed by state law. *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 441, 444 (3d Cir. 1999) ("If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so."). Accordingly, when deciding whether to compel arbitration under the FAA, the Court must determine "(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014) (citation omitted). In conducting this inquiry, the Court applies state law principles of contract formation. *Torres v. Rushmore Serv. Ctr., LLC*, No. 18-9236, 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018).

## III.  DISCUSSION

Both the DAA and the Online Agreement contain arbitration clauses. ECF No. 15-6 at 25–26; ECF No. 15-4 at 7–8. The parties do not dispute that the clauses found in those documents form a valid agreement to arbitrate between the parties. ECF No. 23 at 5 (conceding that Plaintiff is subject to the arbitration provisions in the DAA and the Online Agreement); ECF No. 19 at 1; ECF No. 15-4; ECF No. 15-6. Thus, the Court must only decide whether the dispute here falls within the scope of the valid arbitration agreements—the DAA and Online Agreement.

Plaintiff principally argues that its claims regarding its PPP loan fall outside the scope of its existing agreements with Defendant to arbitrate certain disputes. ECF No. 17 at 5–9. Specifically, Plaintiff argues that arbitration clauses in the DAA and Online Agreement apply to disputes regarding a Chase deposit account, and do not apply to Chase's other financial products such as PPP loans. *Id.* In response, Defendant asserts that these agreements delegate any questions of scope and enforceability to the arbitrator to decide in the first instance, and in any event, Plaintiff's claims are covered by the relevant arbitration provisions.[1] ECF No. 15 at 10, 13–15

The Supreme Court has instructed that "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Car, West, Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010). Here, the agreements at issue—the DAA and the Online Agreement—state that a party filing a claim must do so before a Judicial Arbitration and Mediations Services ("JAMS") (ECF No. 15-4 at 38) or an American Arbitration Association ("AAA") arbitrator (ECF No. 15-6 at 25), pursuant to those organizations' rules. In turn, each organization's own rules and procedures give the arbitrator the ability to decide whether the arbitrator has jurisdiction to hear the matter, including the scope of an arbitration agreement. *See* JAMS Comprehensive Arbitration Rule 11(b) ("[A]rbitrability disputes . . . including disputes over the formation, existence, validity, interpretation or scope of the agreement . . . shall be submitted and ruled on by the Arbitrator."); AAA Commercial Arbitration Rules, R-7(a) ("The arbitrator shall have the power to rule on his or her own jurisdiction, including . . . scope."). The inclusion of AAA or JAMS rules in the DAA and Online Agreement constitutes "clear and unmistakable evidence that the parties agreed to

---

[1] However, as discussed below, because this Court finds that an arbitrator must first decide whether the arbitration agreements cover PPP loans as a matter of scope, the Court need not address this argument.

delegate arbitrability." *Richardson v. Coverall N. Am., Inc.*, 811 F. App'x 100, 103 (3d Cir. 2020) (finding that scope is an issue of arbitrability for the arbitrator); *see also Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 846 (6th Cir. 2020) (collecting cases) (stating that all eleven circuits addressing this issue found that "incorporation of AAA rules (or similarly worded arbitral rules) provides clear and unmistakable evidence that the parties agreed to arbitrate 'arbitrability'").

Therefore, here, the parties' inclusion of AAA and JAMS procedures in the contested arbitration agreement is clear evidence that they intended the arbitrator to decide questions related to scope. *See Richardson*, 811 F. App'x at 103. Accordingly, Plaintiff must bring its claim before the arbitrator in the first instance, even if it contests the scope of arbitrability. *See KPA Promotions & Awards, Inc. v. JPMorgan Chase & Co.*, No. 20-cv-3910, 2021 WL 1317163 (S.D.N.Y. Apr. 8, 2021); *Sha-Poppin Gourmet Popcorn LLC v. JP Morgan Chase Bank, N.A.*, No. 20-cv-2523, 2021 WL 843429 (N.D. Ill. Mar. 5, 2021).

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to compel arbitration is **GRANTED** and these proceedings are **ADMINISTRATIVELY STAYED** pending arbitration. An appropriate order accompanies this opinion.

DATED: November 23, 2021

CLAIRE C. CECCHI, U.S.D.J.